IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In Re**<br><br>**PROSPERO FUENTES-PADILLA AND**<br><br>**MERCEDES MARTINEZ-MELENDEZ,**<br><br>**Debtors.** | **CASE NO. 14-1897 (GAG)**<br><br>**Bankruptcy Case No. 14-05883 (BKT)** |

## OPINION AND ORDER

Prospero Fuentes Padilla and Mercedes Martinez Melendez ("debtors" or "appellants"), who are debtors in Chapter 13 Bankruptcy Case No. 14-05883 (BKT), appeal the judgment entered by the United States Bankruptcy Court for the District of Puerto Rico, pursuant to 28 U.S.C. § 158. Appellants contend that the bankruptcy court erred by dismissing Bankruptcy Case No. 14-05883 (BKT) pursuant to 11 U.S.C. § 521(i) and then denying their request for reconsideration of said dismissal. (See Transmittal of Record on Appeal at Docket No. 1.)

**I.     Jurisdiction**

The bankruptcy court had jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which confers jurisdiction on this court as to all matters arising under 11 U.S.C. §§ 101 *et seq.*, and pursuant to this court's resolution dated July 19, 1984, which, in turn, refers all Title 11 matters to the United States Bankruptcy Court for the District of Puerto Rico. This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1). See Vizcaya Argentaria v. Wiscovitch-Rentas, No. CIV 08-2323 (GAG), 2009 WL 1309687, at *1 (D.P.R. 2009).

**II.      Standard of Review**

Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995); In re Savage Indus., Inc., 43 F.3d 714, 719-20 n.8 (1st Cir. 1994). Where the issue on appeal is essentially one of statutory interpretation, appellate courts review the issue *de novo*. In re San Miguel Sandoval, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)). In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." In re San Miguel Sandoval, 327 B.R. at 506 (quoting 9E Am.Jur.2d Bankruptcy § 3512 (2004)). "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Perry v. Warner (In re Warner), 247 B.R. 24, 25 (1st Cir. BAP 2000) (quoting Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co., 864 F.2d 927, 929 (1st Cir. 1988)).

"A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*." In re Soto, 491 B.R. 307, 311 (B.A.P. 1st Cir. 2013) (citing Lessard v. Wilton–Lyndeborough Coop. Sch. Dist., 592 F.3d 267, 269 (1st Cir. 2010)). "We review an order dismissing a chapter 13 case for abuse of discretion." Id. (citing Howard v. Lexington Inv., Inc., 284 F.3d 320, 322–23 (1st Cir. 2002)).

As such, the court reviews the bankruptcy court's decision to dismiss the Chapter 13 petition for an abuse of discretion, but reviews the facts underlying the decision under the "clearly erroneous" standard. In re Ortiz, 200 B.R. 485, 489 (D.P.R. 1996).

### III. Relevant Factual and Procedural Background

The following factual summary is derived from the record on appeal, and contains only the facts necessary to resolve the issues presented to this court.

On July 17, 2014, debtors filed their voluntary petition for relief under the provisions of Chapter 13 of the Bankruptcy Code. Two days after their petition was filed, the bankruptcy court notified debtors a list of documents that needed to be filed to complete the petition. See Bankr. No. 14-05883 (BKT), Docket No. 7. The court's notice cautioned debtors that "[f]ailure to file or request an extension within the time period and under the terms of Fed. R. Bankr. P. 1007(c) and 9006(b)(1) may result in the dismissal of the case." Id. The court went further to advise that failure to file the requested documents within forty-five (45) days from the filing of the petition may result in the automatic dismissal of the case, pursuant to 11 U.S.C. §521(i). Id. Debtors had yet to file the following documents to complete the petition: Schedules B, E, H, I and J, Statement of Financial Affairs, and its Statement of Currently Monthly Income and Disposable Income Calculation. Id.

Immediately following the filing of the Chapter 13 petition, the first Creditor's Meeting was set for August 19, 2014, pursuant to section 341 of the Bankruptcy Code. Bankr. No. 14-05883 (BKT), Docket No. 2. On July 28, 2014, eleven (11) days after filing the petition, debtors requested a thirty (30) day extension of time to file the missing documents. Id. at Docket No. 9. Debtors requested additional time to review the schedules that were already filed to check for errors, update the information and to fill out the missing documents. Id. Debtors' counsel argued he needed additional time to prepare their bankruptcy case because the debtors are elderly and suffer from health conditions. Bankr. No. 14-05883 (BKT), Docket No. 9. Namely, he argued that debtors' petition was an emergency filing caused by an ongoing litigation in state court, hence the

missing documents.  Id.  Nevertheless, debtors and their counsel failed to further allege or provide any information or details to support the hasty and incomplete nature of the petition.

On July 29, 2014, the court granted debtors' extension of time in a limited fashion.  The deadline to file the schedules and statements was extended twenty-one (21) days or seven (7) days prior to the meeting of the creditors under Section 341, whichever was shorter.  Bankr. No. 14-05883 (BKT), Docket No. 10.  In sum, the schedules and statements were due by August 12, 2015.  Id.  The extended deadline to complete the petition elapsed and the documents were still missing.  The Chapter 13 U.S. Trustee, Alejandro Oliveras Rivera ("Trustee" or "Appellee"), moved for the dismissal of the case on August 15, 2015.  Id. at Docket No. 15.

A Meeting of Creditors was scheduled for August 20, 2014, but was continued, on that same day, at the request of debtors because they had not prepared the missing schedules and statements.  Id. at Docket No. 21.  During said meeting, debtors' counsel promised to file the missing documents within the next fourteen days.  Id.

On September 4, 2014, the bankruptcy court dismissed the instant case, pursuant to 11 U.S.C. § 521(i), due to debtors' failure to file all the documents and applicable information as required by 11 U.S.C. § 521(a).  Id. at Docket No. 25.  Thereafter, debtors moved for reconsideration of the bankruptcy court's dismissal.  Id. at Docket No. 27.  In said motion, debtors moved the court to reconsider the dismissal and grant an additional 30-day extension of time to file the missing documents, under section 521(i)(3) of the Bankruptcy Code.  Id.  In the alternative, debtors requested that the court reconsider dismissal and grant leave to file a motion to convert their case to Chapter 11 of the Bankruptcy Code, considering that Chapter 11 cases are not subject to section 521(i)'s 45-day term.  Bankr. No. 14-05883 (BKT), Docket No. 27.  On October 24, 2014, debtors' request for reconsideration was denied by the bankruptcy court.  Id. at Docket No.

**Civil No. 14-1897 (GAG)**

33. Debtors filed their notice of appeal on October 29, 2014 of the bankruptcy court's order denying reconsideration of the order of dismissal. Id. at Docket No. 34.

### IV. Arguments on Appeal

Appellants timely submitted their brief on appeal, arguing that the bankruptcy court's dismissal should be reversed due to the following. First, appellants contend that the Trustee's motion to dismiss failed to comply with the procedural requirements of Rule 9014 of the Federal Rules of Bankruptcy Procedure, which requires that contested matters, i.e., said motion to dismiss, must be served in the manner provided for the issuance of summons and a complaint, pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure. Thus, appellants argue that, because the Trustee's motion to dismiss was improperly served, the court lacked jurisdiction over the matter. They further argue that the court's dismissal violated debtors' due process rights under the Fifth Amendment of the United States Constitution. Docket No. 3 at 3.

Second, appellants argue that the bankruptcy court erred by not granting their request for an extension of time up to the maximum allowable time to file the schedules and statements, pursuant to 11 U.S.C. § 521(i)(3). Id. Third, appellants argue that the bankruptcy court erred by denying their motion for reconsideration of the dismissal, which would have allowed them to convert their Chapter 13 case into a Chapter 11 bankruptcy case where the time constrains 11 U.S.C. § 521 do not apply, and, as such, debtors would have been able to file their documents without the case being dismissed. Id. at 4. In turn, the Trustee filed his brief in opposition. See Docket No. 8.

### V. Discussion

After an extensive review of the appellants' and appellee's briefs, as well as the bankruptcy court's transmitted record and independent research done by this court, the undersigned finds that the bankruptcy court's rationale for dismissing the instant case was correct. Thus, the bankruptcy

court's dismissal of the instant case and denial of appellant's motion for reconsideration are **AFFIRMED**. This court's reasoning follows.

### A. Trustee's Motion to Dismiss

On August 19, 2014, the Trustee moved to dismiss debtors' case pursuant to section 1307(c) of the Bankruptcy Code, Bankr. No. 14-05883 (BKT), Docket No. 19,[1] due to debtors' failure to file the missing documents, within the fourteen (14) days established by Rule 1007(c), which he argued resulted in an "impairment in the Trustee's ability to perform his duties and an unreasonable delay prejudicial to creditors." Docket No. 8 at 9. The bankruptcy court ultimately dismissed the case under section 521(i) of the Bankruptcy Code, and not under section 1307(c). Bankr. No. 14-05883 (BKT), Docket No. 25. In fact, the Trustee's motion to dismiss was not granted, nor ruled on. In other words, the case was dismissed on other grounds different than the ones sought by the Trustee in his motion to dismiss. Consequently, appellee argues that debtors' contention as to the inadequate service of the Trustee's motion to dismiss, i.e. the bankruptcy court's jurisdiction and the alleged violation of debtors' Fifth Amendment right to due process, is futile given that the bankruptcy court did not rule on said motion nor dismissed the case pursuant to it. Docket No. 8 at 8. In sum, the appellee argues the adequacy of the motion to dismiss has absolutely no effect on the instant appeal.

The record on appeal demonstrates that the bankruptcy court dismissed this case pursuant to the forty six (46) day deadline provided by section 521(i) of the Bankruptcy Code, which debtors failed to comply with. Bankr. No. 14-05883 (BKT), Docket No. 25. Although appellee does contend his motion to dismiss was procedurally sound, Docket No. 8 at 9-10, after carefully

---

[1] The Trustee had originally filed another motion to dismiss that the Bankruptcy Court denied without prejudice for his failure to comply with P.R. LBR 9013-I(c)(3). See Bankr. No. 14-05883 (BKT), Docket Nos. 15 &18.

**Civil No. 14-1897 (GAG)**

reviewing the record on appeal and applicable law, the court agrees with appellee's argument that the motion to dismiss was not ruled upon. Thus, the court need not entertain arguments pertaining to the adequacy of said motion. The court will not embark in unnecessary discussion. The bankruptcy court's dismissal is analyzed in detail in the following section.

      B.  <u>Debtors' Chapter 13 Petition</u>

As noted above, upon the filing of their Chapter 13 petition, debtors were notified that their petition was missing the following documents: Schedules B, E, H, I and J, Statement of Financial Affairs, and their Statement of Currently Monthly Income and Disposable Income Calculation. Bankr. No. 14-05883 (BKT), Docket No. 7. The bankruptcy court's notice cautioned debtors that "[f]ailure to file or request an extension within the time period and under the terms of Fed. R. Bankr. P. 1007(c) and 9006(b)(1) may result in the dismissal of the case." <u>Id.</u> The court went further to advise that failure to file the requested documents within forty-five (45) days from the filing of the petition may result in the automatic dismissal of the case, pursuant to 11 U.S.C. § 521(i). Bankr. No. 14-05883 (BKT), Docket No. 7.

       *i.*  *Rule 1007 requirements*

Rule 1007 of the Federal Rules of Bankruptcy Procedure establishes the schedules and statements a debtor must file for different kinds of bankruptcy petitions and provides the applicable time frame for the filing of a debtor's schedules and statements. <u>See</u> FED. R. BANKR. P. R. 1007. When a Chapter 13 voluntary petition is filed, Rule 1007(c) demands that the schedules and statements shall be filed with the petition or within fourteen (14) days of its filing. Until these documents are filed, the petition is considered incomplete.

The fourteen (14) day term provided by Rule 1007(c) to file the schedules and statements, also known as the "automatic extension," reads as follows: "Time limits: In a voluntary case, the

schedules, statements, and other documents required by subdivision (b)(1), (4), (5), and (6) shall be filed with the petition or within 14 days thereafter, except as otherwise provided in subdivisions (d), (e), (f), and (h) of this rule." FED. R. BANKR. P. R. 1007(c).

        ii.     *Automatic dismissal under section 521(i)*

Section 521(a) establishes a list of duties for all debtors. Among the duties listed is the debtor's duty to file a list of creditors, and:

> [U]nless the court orders otherwise (i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs . . . . (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor; (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition . . . .

11 U.S.C. § 521 (a)(1)-(2). Further down the road, sub section 521(i) governs the consequences of a debtor's failure to comply with the duties established in section 521(a). Section 521(i) provides that "[w]hen a debtor fails to file all the information required by section 521(a)(1)(B) within the prescribed period--that is, within forty-five days of the filing date of the bankruptcy petition-- BAPCPA provides that the case shall be automatically dismissed." In re Acosta-Rivera, 557 F.3d 8, 10 (1st Cir. 2009).[2] Furthermore, section 521(i)(1) states that:

> Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 **fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.**

---

[2] Rule 1017-2 of the Local Bankruptcy Rules provides a remedy similar to the one provided by section 521(i).

8

11 U.S.C. § 521(i)(1) (emphasis added). "[T]he standard of section 521(i)(1) is not one of materiality or substantial compliance. Rather, this section requires dismissal unless the debtor had supplied not just some, but 'all of the information' from the payment advices." Bankruptcy Law Manual, § 3:13 (5th ed.) (citing In re Smith, 352 B.R. 729, 730, Bankr. L. Rep. (CCH) P 80778 (Bankr. W.D. N.Y. 2006)).

"Section 521(a)(1) was amended and [section] 521(i)(1) was added to the Bankruptcy Code by BAPCPA, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as part of an abuse-prevention package." In re Soto, 491 B.R. at 312. "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), PUB. LAW NO. 109–8, 119 Stat. 23, ushered in the most extensive reform of the Bankruptcy Code in decades." In re Fiorillo, 455 B.R. 297, 301 (D. Mass. 2011). "[A]s the title of the bill indicates, '[t]he purpose of [BAPCPA] is to improve bankruptcy law and practice by restoring personal responsibility and integrity to the bankruptcy system and ensure that the system is fair for both debtors and creditors.'" Id. "BAPCPA also added [section] 521(i)(1) to require automatic dismissal upon failure to comply with [section] 521(a)(1)." In re Soto, 491 B.R. at 312.

Many courts have interpreted the way this "automatic dismissal" operates differently. Some courts have applied a stricter approach, shortening the Bankruptcy Court's discretion when it comes to dismissal, and others have adopted a more liberal reading, leaving room for the Bankruptcy Court's discretion to determine when a case should be dismissed. Since the incorporation of this automatic dismissal in 2005, the First Circuit has had the opportunity to analyze this provision on very few occasions. "Post–BAPCPA, courts 'have struggled to create procedures to implement the novel concept of 'automatic' dismissal.'" In re Soto, 491 B.R. at 312 (quoting In re Herrera, 398 B.R. 490, 492 (Bankr. S.D. Fla. 2008)). "The problem is that [section]

9

521(i) does not provide a procedure for dismissal." In re Soto, 491 B.R. at 312 (quoting CFCU Cmty. Credit Union v. Pierce, No. 06-CV-6595–CJS, 2009 WL 2163107, at *2 (W.D.N.Y. July 17, 2009)).

"Although [section] 521(i)(1) states that dismissal is automatic there is no indication how this occurs." In re Soto, 491 B.R. at 312. "Confronted with the task of interpreting [section] 521(i)(1)'s automatic dismissal provision in Acosta–Rivera, the United States Court of Appeals for the First Circuit found neither the rigid nor the flexible approach completely satisfactory. In that case, the trustee had moved for authority to settle the debtors' prepetition employment discrimination lawsuit." In re Soto, 491 B.R. at 312 (citing 557 F.3d at 12–13). In Acosta Rivera, the First Circuit recognized that bankruptcy courts have discretion to determine which information "to gauge whether missing information is required in a particular case" for purposes of a 521(i) dismissal.[3] 557 F.3d at 14 ("[T]he great divide in section 521 is between information that is required and information that is not. The Act allows courts to do the sifting suggested by that divide without rigid adherence to the forty-five-day deadline.")).

Moreover, paragraph two of subsection (i) further provides that: "Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request." 11 U.S.C. § 521(i)(2). Section 521 also allows for the forty-five (45) day deadline to be extended an additional forty-five (45) days. 11 U.S.C. § 521(i)(3). Lastly, paragraph 4 of the above referenced section establishes a good-faith exception.[4] 11 U.S.C. §

---

[3] The term "automatic dismissal" is something of a misnomer. Typically, dismissal under this provision takes place at the instance of a "party in interest." Dismissal is, therefore, hardly "automatic." In re Acosta-Rivera, 557 F.3d at 10 (citing In re Spencer, 388 B.R. 418, 421 (Bankr. D.D.C. 2008)).

[4] "Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing,

521(i)(4). "The automatic dismissal deadline can be extended by another forty-five days upon timely request. Moreover, the automatic dismissal provision is subject to an explicit statutory exception: a timely motion by the trustee to forestall dismissal based on the best interests of the creditors and the debtors' good-faith efforts to effect the required filing." In re Acosta-Rivera, 557 F.3d at 10, n.2. Yet, debtors in this case did not demonstrate the presence of either of the Acosta-Rivera factors that the First Circuit has stated could justify the exercise of the bankruptcy court's discretion to deny dismissal, namely: (1) that they attempted in good faith to supply the missing information; or (2) the information was no longer necessary. 557 F.3d at 13; see also In re Soto, 491 B.R. at 315.

### iii.    *Debtors' motion for extension of time*

On appeal, debtors argue that their July 28, 2014 motion for extension of time to file the missing schedules and statement should have been evaluated under section 521(i)(3), thereby enlarging section 521(i)'s forty-five (45) day period. Docket No. 3 at 7. Appellee counters debtors' assertion, arguing that the extension of time in question was not requested under section 521(i)(3), as debtors did not expressly state the authority that was being invoked, the date from which the thirty (30) day extension should have begun, nor did they argue that it should have had the effect of extending the forty-five (45) day term. Docket No. 8 at 18. For that reason, appellee contends that said extension of time had effect over the fourteen (14) day period of Rule 1007(c), and not the forty-five (45) days period.

Upon examining the parties' contentions and applicable law, it appears that appellants have mistaken the deadlines applicable to different stages of the bankruptcy procedure. There is no

---

the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case." 11 U.S.C. § 521 (i)(4).

11

**Civil No. 14-1897 (GAG)**

question that the time period provided by Rule 1007(c) and section 521(i) coexist and are not mutually exclusive. Debtors cannot argue the contrary given that the bankruptcy court's notice of defective filing merely two (2) days after the filing of the petition gave them fair warning as to both provisions and the consequence of non-compliance. Bankr. No. 14-05883 (BKT), Docket No. 7. Debtors filed their Chapter 13 voluntary petition on July 17, 2014. Therefore, under Rule 1007, debtors had until July 31, 2014, that is 14 days from the filing of the petition, to file the missing documents and complete their filing. On July 29, 2014, still within the fourteen (14) day period, debtors requested an additional thirty (30) days to complete the petition, but failed to specify under which authority they made their request. Id. at Docket No. 9. In other words, the only extension of time filed by debtors, requesting additional time to file the schedules and statements, was filed within the period provided by Rule 1007(c), and yet, said request had no legal backing. Id. As such, the undersigned is not convinced that, by way of such an empty request, debtors requested or were entitled to the exceptional extension of time provided by section 521(i)(3).

What is more, appellants' contentions reveal the underlying argument of their entire case, that section 521(i)'s forty-five (45) day deadline establishes *de facto* the deadline to file missing statements and schedules. Therefore, appellants further contend that their request for additional time also had the effect of extending section 521(i)'s forty-five (45) day period. This is incorrect. As noted above, the applicable law is clear. The deadline to file the requisite schedules and statements is governed by Rule 1007, not section 521. The aforementioned automatic dismissal is a result of congressional intent to prevent bankruptcy abuse. Section 521(i)'s forty-five (45) day time-frame in no way replaces the deadlines established by the Federal Rules of Bankruptcy

Procedure. Ruling to the contrary would undoubtedly go against Congress's intent when it passed BABCPA as a remedial scheme to prevent bankruptcy abuse.

"As aptly stated by one court, in the absence of an extension, '[a]fter the expiration of the specified period set forth in [section] 521(i)(1), **there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom.**'" In re Soto, 491 B.R. at 315 (quoting In re Ott, 343 B.R. 264, 268 (Bankr. D. Colo. 2006)) (emphasis added). In the absence of a request to extend the forty-five (45) day deadline, the bankruptcy court could have dismissed the case at any time after September 1, 2014. The case was dismissed on September 4, 2015, that is, on the forty-ninth (49) day after the filing of the (incomplete) petition. As such, the court finds that the record on appeal is clear that the bankruptcy court's dismissal of the instant case, pursuant to section 521(i), was warranted given that forty-five (45) days from the filing of the petition had elapsed and debtors' petition remained incomplete and without proper justification of its defectiveness. Accordingly, under the standard articulated in Acosta–Rivera and Soto, the bankruptcy court did not abuse its discretion when it dismissed the debtors' case pursuant to section 521(i)(1).

### C.    Debtors' Motion for Reconsideration

Lastly, the undersigned entertains appellants' assertion that the bankruptcy court erred by not granting their motion for reconsideration, thereby allowing them to convert their petition to a Chapter 11 bankruptcy case, which is not subject to the time restraints that apply to Chapter 13 bankruptcies. Docket No. 3 at 9; see also Bankr. No. 14-05883 (BKT), Docket No. 27. Moreover, the record on appeal demonstrates that by way of their motion for reconsideration, debtors, for the first time, explicitly request an extension of time under section 521(i)(3). Id. Section 521(i)(3) states that:

> Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow

>the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.

11 U.S.C. § 521(i)(3).  In the case at bar, the record does not reveal that, at any moment, debtors moved under section 521(i)(3) to enlarge the aforementioned forty-five (45) day deadline.  The only instance in which debtors expressly invoked section 521(i)(3) is in their motion for reconsideration, filed September 17, 2014, well after the forty-five (45) post-petition days had elapsed.  Bankr. No. 14-05883 (BKT), Docket No. 27.  Section 521(i)(3) clearly provides that an extension of time must be requested within section 521(i)'s forty-five (45) day period.  See also Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) ("A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate "old arguments previously considered and rejected.").  As such, debtors' request for an extension of time under section 521(i)(3) was too little and too late.

**VI.    Conclusion**

For the foregoing reasons, this court hereby **AFFIRMS** the bankruptcy court's dismissal and denial of debtors' motion for reconsideration.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of June, 2015.

>*s/ Gustavo A. Gelpí*
>GUSTAVO A. GELPI
>United States District Judge